**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5110

BASHAWN LEE HANBERRY, a/k/a BO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                   No. 95-5111

DANNY RAY WELLINGTON, a/k/a
D Boy,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5118

RONALD EMANUEL HANBERRY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5119

EDDIE JEROD HESTER, a/k/a E-Dog,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5120

RICKY FRAZELLAS PUREFOY, a/k/a
Little Ricky,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-185)

Argued: February 2, 1996

Decided: March 20, 1996

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Kieran Maher, RUDOLPH & MAHER, Chapel
Hill, North Carolina, for Appellant Wellington; William Carlton
Ingram, Jr., FLOYD, ALLEN & JACOBS, Greensboro, North Caro-
lina, for Appellant Bashawn Hanberry; Eric David Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant
Ronald Hanberry; Ernest Raymond Alexander, Jr., Greensboro, North
Carolina, for Appellant Hester; Richard Allen Elmore, PFAFF,
ELMORE & ALBRIGHT, Greensboro, North Carolina, for Appellant
Purefoy. David Bernard Smith, Assistant United States Attorney/

2

Senior Litigation Counsel, Greensboro, North Carolina, for Appellee.
**ON BRIEF:** William E. Martin, Federal Public Defender, Nathan D. Beamguard, First Year Law Student, Wake Forest School of Law, Greensboro, North Carolina, for Appellant Ronald Hanberry. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bashawn Lee Hanberry, Danny Ray Wellington, Ronald Emanuel Hanberry, Eddie Jerod Hester, and Ricky Frazellas Purefoy (collectively, "Appellants") appeal their convictions of conspiracy to possess with the intent to distribute and to distribute cocaine base, see 21 U.S.C.A. § 846 (West Supp. 1995), and related offenses[1] as well as their resulting sentences. The only meritorious issue presented for review is the contention that in light of Bailey v. United States, 116 S. Ct. 501 (1995), further proceedings before the district court are warranted with respect to Bashawn Hanberry's and Hester's convictions pursuant to 18 U.S.C.A. § 924(c)(1) (West Supp. 1995). Accordingly, we affirm Appellants' convictions and sentences--except for the § 924(c)(1) convictions, which we remand for further proceedings.

_____

[1] Purefoy was also convicted of a substantive charge of possession of cocaine base with the intent to distribute. See 21 U.S.C.A. § 841(a)(1) (West 1981). Bashawn Hanberry and Hester were convicted of using or carrying a firearm during and in relation to a drug trafficking offense. See 18 U.S.C.A. § 924(c)(1) (West Supp. 1995). And, Ronald Hanberry was convicted of possessing ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. See 18 U.S.C.A. § 922(g)(1) (West Supp. 1995).

3

## I.

Viewed in the light most favorable to the Government, <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942), the evidence presented at trial demonstrated that Appellants participated in a conspiracy to distribute cocaine base in the Oxford Manor area of Durham, North Carolina that centered principally around a social organization known as the "Pimps." Bashawn and Ronald Hanberry became suppliers for the conspiracy following the 1991 death of the former supplier, their elder brother Jamal. Numerous coconspirators testified concerning the Hanberrys' distribution of cocaine and cocaine base to the remaining Appellants and to instances of conversion of cocaine into cocaine base; these witnesses also testified about further preparation and distribution activities by Wellington, Hester, and Purefoy. In addition, several coconspirators testified regarding Appellants' involvement with firearms. A law enforcement officer testified as to the participation of Bashawn Hanberry and Hester in cocaine base transactions entered into with the officer while he was acting in an undercover capacity. And, another law enforcement officer testified concerning a 1993 felony traffic stop of a vehicle driven by Hester that resulted in the seizure of cocaine base and two firearms. The jury also was presented with various documents, firearms, and ammunition seized pursuant to warrants executed at the Hanberrys' residences.

## II.

Appellants raise several issues with respect to their convictions, none of which merits extended consideration. The evidence was sufficient to sustain the conspiracy convictions of Purefoy and Hester as well as Ronald Hanberry's conviction for possessing ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. <u>See Glasser</u>, 315 U.S. at 80. Congress did not exceed its power under the Commerce Clause in enacting 18 U.S.C.A. § 922(g)(1) (West Supp. 1995). <u>See Scarborough v. United States</u>, 431 U.S. 563, 567-78 (1977); <u>United States v. Sorrentino</u>, 72 F.3d 294, 296-97 (2d Cir. 1995). And, the district court did not deprive Bashawn Hanberry of a fair trial by admonishing a Government witness, outside the presence of the jury, to tell the truth. <u>See Paylor v. United States</u>, 404 F.2d 1263, 1263-64 (D.C. Cir. 1968) (per curiam).

4

One issue, however, warrants expanded discussion. While this appeal was pending, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995). The Bailey Court held that to sustain a conviction under the "use" prong of § 924(c)(1), the Government must prove that a defendant actively employed a firearm during and in relation to the predicate drug trafficking offense and that evidence of mere proximity or accessibility is insufficient to support a conviction. Id. at 505-06. Thus, we are called upon to consider whether application of the standard enunciated in Bailey requires us to vacate Bashawn Hanberry's and Hester's § 924(c)(1) convictions under a plain error standard.

Unfortunately, we are not in a position to best decide this question in the first instance. The issue was not addressed in the parties' briefs; the record is voluminous, and not all of the relevant portions were reproduced in the joint appendix. Consequently, we remand these § 924(c)(1) convictions for further proceedings before the district court.

III.

The sentencing issues presented by Appellants are meritless. The factual findings by the district court that Wellington and Hester should be held accountable for quantities of cocaine base distributed by other members of the conspiracy are not clearly erroneous. See United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). The rule of lenity does not require that Appellants' sentences be calculated using cocaine rather than cocaine base. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, 116 S. Ct. 329 (1995). And, the 100:1 treatment of cocaine base to cocaine for sentencing purposes is not unconstitutional. United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 114 S. Ct. 2754 (1994). Finally, Bashawn Hanberry's and Hester's argument that the Government waived its right to seek a two-level sentencing enhancement for possession of a firearm is not properly before us since this enhancement becomes applicable only if the § 924(c)(1) convictions are vacated. See United States Sentencing Commission, Guidelines Manual, §§ 2D1.1(b)(1); 2K2.4, comment. (n.2) (Nov. 1994).

5

IV.

For the reasons set forth above, we remand for the district court to consider in the first instance whether Bashawn Hanberry's and Hester's § 924(c)(1) convictions must be vacated in light of <u>Bailey</u> and for such other proceedings as may be appropriate in light of its decision. We affirm Appellants' convictions and sentences in all remaining respects.**2**

<u>AFFIRMED IN PART; REMANDED IN PART</u>

_____

**2** We have considered the remaining arguments presented by Appellants and find them to be without merit.

6